# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

**RAYMOND L. ROGERS**                                             **PETITIONER**

**VS.**                       **2:17-CV-00198-DPM-JTR**

**GENE BEASLEY, Warden,**
**FCI – Forrest City**                                           **RESPONDENT**

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District D. P. Marshall, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

## I. Introduction

Pending before the Court is a 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus filed by Petitioner, Raymond Rogers ("Rogers"), who is currently incarcerated at the Forrest City, Arkansas, Federal Correctional Institution. *Doc. 1*. In the petition, Rogers challenges a jury conviction and sentence imposed by the

United States District Court for the District of Kansas (Wichita Division). *United States v. Rogers*, 6:13-1448-JTM ("*Rogers I*"). The relevant facts supporting Roger's collateral attack on his federal sentence are set forth below.

On December 1, 2011, a jury in *Rogers I* found Rogers guilty of bank robbery, possession of a firearm in furtherance of a crime of violence, and felon in possession of a firearm. On April 16, 2012, Rogers was sentenced to 234 months imprisonment.

Rogers appealed. On April 5, 2013, the Tenth Circuit Court of Appeals affirmed. *United States v. Raymond Rogers*, No. 12-3125 (10th Cir. April 5, 2013) (unpublished). The Tenth Circuit rejected Rogers' arguments that the district court improperly: (1) denied his motion for judgment of acquittal; (2) enhanced his base offense level; and (3) denied his right to allocution.

On December 2, 2013, Rogers filed a Motion to Vacate or Set Aside the Sentence pursuant to 28 U.S.C. § 2255. *Rogers I*, *Doc. No. 146*. Rogers asserted multiple claims of ineffective assistance of counsel and trial court error. On December 9, 2014, all of Roger's claims were found to be without merit, and his § 2255 petition was dismissed. On December 23, 2014, Rogers was denied a certificate of appealability.[1] *Rogers I*, *Doc. Nos. 162 and 164*.

---

[1] Following the denial of § 2255 relief, Rogers continued to file various motions in *Rogers I*. His filings included a Motion for Relief from Judgment and Motion for Reconsideration, both of which were denied. *Rogers I*, *Docs Nos. 175, 179, 178, and 181*.

On November 13, 2017, Rogers filed the § 2241 habeas action now before this Court. In his § 2241 petition, he argues: (1) the *Rogers I* district court was divested of jurisdiction when it dismissed the first superseding indictment on the Government's motion and permitted the Government to proceed to trial on the original indictment;[2] (2) the *Rogers I* district court "impermissibly amended" the indictment by its jury instructions; and (3) his counsel was ineffective at trial and on appeal.

## II. Discussion

In conducting an initial review of Rogers' habeas corpus petition, this Court may summarily deny relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)); 28 U.S.C. § 2243. As part of that initial review, the Court is also obligated to decide whether it has subject matter jurisdiction. *See Northport Health Servs. v. Rutherford*, 605 F.3d 483, 490 (8th Cir. 2010) ("federal courts are obligated to consider lack of subject matter jurisdiction *sua sponte*").

Jurisdiction over a federal prisoner's collateral attack on his conviction or sentence is governed by the well-recognized distinction between claims that attack the *validity* of a federal conviction or sentence, and claims that challenge the

---

[2] *Doc. 1 at 2-3; see also Rogers I, Doc. 91* (Order of November 28, 2011).

*execution* of a federal sentence. As a general rule, collateral challenges to a federal conviction or sentence *must* be raised in a motion to vacate filed in the *sentencing court* under 28 U.S.C. § 2255, rather than by a habeas petition filed in the *court of incarceration* under 28 U.S.C. § 2241. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010); *Abdullah v. Hedrick,* 392 F.3d 957, 959 (8th Cir. 2004). Because a § 2255 motion attacks the validity of the conviction or sentence, it is "a further step in the movant's criminal case," and subject matter jurisdiction lies with the court which convicted and sentenced him. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983).

A limited exception to this rule is found in the "savings clause" of § 2255(e), which permits a federal court in the district of incarceration to entertain a § 2241 habeas petition challenging the validity of a conviction or sentence *only if* the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." *Hill v. Morrison,* 349 F.3d 1089, 1091 (8th Cir. 2003). Stated differently, the court of incarceration has subject matter jurisdiction over a collateral attack on a conviction or sentence rendered by another district court *only if* the remedies in the sentencing district are inadequate or ineffective. A petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Lopez-Lopez*, 590 F.3d at 907; *Hill,* 349 F.3d at 1091.

4

Rogers contends that his § 2255 remedy was "inadequate or ineffective" because his sentence is not merely erroneous, but was absolutely null and void from inception. Thus, Rogers argues, the *Rogers I* trial court lacked jurisdiction "from the indictment stage to sentencing" rendering the criminal proceeding a nullity that renders habeas relief "the only appropriate remedy." *Doc. 1 at 7*. This argument fails.

All of Rogers' proposed claims challenge the validity of his federal convictions. This is obvious both from the nature of his claims and his requested relief - "release from his current unlawful imprisonment." *Doc. 1 at 2*. All of the claims he now asserts, including a challenge to the *Rogers I* trial court's jurisdiction, could and should have been asserted on direct appeal or in the sentencing court under § 2255. The Eighth Circuit has consistently held that the "savings clause" may not be invoked to raise an issue under § 2241 which could have been, or actually was, raised in a direct appeal or a § 2255 motion in the sentencing district. *Lopez-Lopez v. Sanders*, 590 F.3d at 907; *Hill*, 349 F.3d at 1092; *Nichols v. Symmes*, 553 F.3d 647, 650 (8th Cir. 2009).

Rogers has failed to satisfy his burden to establish that his § 2255 remedy, which he pursued unsuccessfully in *Rogers I*, was inadequate or ineffective to challenge the validity of his conviction.[3]

### III. Conclusion

This Court lacks subject matter jurisdiction under § 2241 to consider Rogers' challenge to his conviction and the sentence imposed by the United States District Court for the District of Kansas in *Rogers I*.

IT IS THEREFORE RECOMMENDED THAT the Petition for a Writ of Habeas Corpus, *Doc. 1*, be DISMISSED, without prejudice.

Dated this 16th day of November, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] A petitioner cannot file a § 2241 habeas petition because he no longer has any remaining avenues for redress under § 2255. The Eighth Circuit, in defining what is meant by "inadequate or ineffective," has held that more is required than merely demonstrating that there is a procedural bar to bringing a § 2255 motion. A § 2255 motion is not "inadequate or ineffective" merely because: (1) "§ 2255 relief has already been denied;" (2) "the petitioner has been denied permission to file a second or successive § 2255 motion;" (3) "a second or successive § 2255 motion has been dismissed"; or (4) "the petitioner has allowed the one year statute of limitations and/or grace period to expire." *See United States v. Lurie,* 207 F.3d 1075, 1077 (8th Cir. 2000).